*Badjer & McGuire, for appellants.*

*Mundy, for appellees.*

---

## LEXINGTON & BIG SANDY RAILROAD CO. *v.* EDW. JOEPA.

**Master and servant—Assumption of risk—Instruction.**

An instruction on assumed risk by a servant, that ordinary risks of service means such risks as were known to the servant at the time he entered upon the service, although erroneous, was held not to mislead the jury, in view of other instructions given.

**Master and servant—Safety of place and Appliances.**

A servant has the right to expect that the master will exercise all prudent means to avoid danger to him in the course of his employment.

**Master and servant—Care of master—Question for Jury.**

Whether an employer exercised reasonable care to avoid injury to his servant, is a question for the jury.

### APPEAL FROM BOYD CIRCUIT COURT.

May 21, 1873.

OPINION BY JUDGE PRYOR:

The ground of recovery in this case is that for the want of suffi-cient ventilation of the mines of the appellant the appellee was dangerously or seriously injured. That by the use of ordinary care and skill on the part of appellant in providing means for the noxious air to escape such injury would not have occurred, etc.

The defense is that the appellee's own negligence caused the injury. The evidence authorized the verdict if the law of the case was properly given the jury. The substance of Instruction No. 4, given at plaintiff's instance, is that if it was defendant's duty to keep the mines ventilated and it failed to do so, and on account of which the injury resulted without the fault of plaintiff, they must find for the plaintiff. This instruction required the jury before they could render a verdict for the plaintiff to find: 1st, that it was the duty of the company to have its mines ventilated; 2d, that it failed to do so; 3d, that the injury resulted from this want of care and skill, and lastly, that the injury was not the result of plaintiff's negligence. It was the duty of the company to use ordinary care and skill in preventing these accidents in its mines from the creation of noxious gas, and it is certainly liable for injuries arising from this neglect of duty unless the appellee knew of the danger and voluntarily assumed the risk, and it may be proper to add that after the accident that had previously happened in this same mine from the identical causes to which the injury to the plaintiff was attributed, "it was the duty of the appellant at the time it employed the plaintiff to inform him of the injuries resulting to others in attempting to exercise the same employment he was then about to undertake." That working in such mines is more or less dangerous to those employed does not admit of doubt, and such dangers the laborer agrees to risk when he enters into such service, but where the danger is such as appears from the proof in this case, the company should have made it known to the appellee. Those in the company's employ a short time prior to plaintiff's employment came near losing their lives from the same cause and it is hardly to be presumed that such noxious gas is usually to be found in the development of such mines; or, if so, that those employed in such an undertaking should be required to ascer-

tain its existence by actual experiment, and agree to run all such risks, when those employing them not only have the means of knowing but do in fact know of the imminent danger of the service by reason of the injurious effect of this gas upon those who had been previously in their employ. It is said, however, that the appellee knew all about this danger, and if ignorant of it when he entered appellee's service, was made aware of the risks he was assuming directly after, and voluntarily continued in the service. The court below, at the instance of the defendant, told the jury, 1st, that if appellee engaged as engineer knowing the danger in operating the mines from that noxious gas, that he then took the risk and therefore must find for the defendant. Under this instruction it was immaterial how negligent the defendant might have been in not providing proper ventilation for the escape of this noxious gas; if the plaintiff knew of the danger he was not entitled to recover. In the second instruction the jury were told that although the appellee might have been ignorant of the dangers when he entered appellant's service, but afterwards ascertained the danger and continued in the service he was not entitled to recover. They were also told that if the accident happened from the want of ordinary care and prudence on the part of the appellees, or by reason of his own neglect in disobeying orders given him in regard to raising steam in the mines they must find against him. These instructions were all more favorable to the company than the law authorized and it has no cause to complain. The only objectionable instruction is to be found in the one modified at the instance of the defendant, viz., Instruction No. 3. The jury were told by this instruction that the ordinary risks of the service meant such risks as were known to the plaintiff at the time and this instruction should have been to the effect that the appellee at the time he entered the service assumed all such risks as ordinarily pertained to such an undertaking. This instruction, however, was given at the defendant's instance and, even if not, we see nothing in it when taken in connection with the other instructions calculated to mislead the jury. They certainly understood that if the appellee knew of the danger and voluntarily assumed it, that he was not entitled to recover. This was really the issue to the trial. The evidence decides the fact that the company knew that others had been seriously affected by this gas, and also tends strongly to show that it all originated from the want of proper

ventilation. The appellee had the right to expect that all proper and prudent means had been used by the company to avoid the danger and whether or not he had been informed otherwise, and took the risks with his eyes open, was a question presented to the jury by the instructions in a most favorable light for the defendant and the verdict we can not disturb.   The judgment is therefore *affirmed*.

*Ireland, Moore, for appellant.*

*Rodman, for appellee.*